UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN

GARY M. ARFORD, as Limited Power,   )
of Attorney for:   )
ANDREW MCCONOUGH,   )
DANNETTA MCDONOUGH,   )
WILLIAM SHELTON,   )
CYNTHIA JIMMEMAN,   )
EVELYN SHERWOOD,   )
DANIEL VOETMANN,   )
MARGRET VOETMANN,   )
ROCKY WELLER, and TRAM WELLER   )
   )
       Plaintiff   )   Case No. 1:15-CV-30-GNS
   )
vs.   )
   )   *(electronically filed)*
CHRIS LINK, SCOTT PHELPS,   )
BRENT PHELPS, ANGELA STOKES   )
LINK, MINOTAUR CONSULTING LLC,   )
A Kentucky Limited Liability Company,   )
And REGAL DEVELOPMENT GROUP   )
LLC, A Kentucky Limited Liability Company,   )
   )
       Defendants   )
   )
_____   )

## COMPLAINT

COMES NOW, the Plaintiff, Gary M. Arford, Limited Power of Attorney, and for his

Complaint, states as follows:

## NATURE OF COMPLAINT

1.     The Plaintiff brings this cause of action as a result of the Defendants' scheme to

defraud them by selling investments to drill and complete 10 new oil wells located in Kentucky.

Rather than drilling the oil wells, the defendants diverted the investment funds to other entities

and eventually themselves in furtherance of a conspiracy to defraud the investors.

1

## PARTIES

2.     The Plaintiff, GARY M. ARFORD ("ARFORD"), is a resident of 4100 194th Street SW, Suite 205, Lynnwood, Washington 98036.  ARFORD is the founder and former president of Comprehensive Wealth Management, LLC, a financial services company operating in Seattle, Washington.  By virtue of a Limited Power of Attorney, a copy of which is attached and incorporated herein as **Exhibit A**, ARFORD brings this complaint on behalf of each of the following investors:

    (a)    ANDREW MCCONOUGH, a resident of Seattle, Washington;

    (b)    DANNETTA MCDONOUGH, a resident of Seattle, Washington;

    (c)    WILLIAM SHELTON, a resident of Mercer Island, Washington;

    (d)    CYNTHIA JIMMEMAN, a resident of Mercer Island, Washington;

    (e)    EVELYN SHERWOOD, a resident of Seattle, Washington;

    (f)    DANIEL VOETMANN, a resident of Edmonds, Washington;

    (g)    MARGRET VOETMANN, a resident of Edmonds, Washington;

    (h)    ROCKY WELLER, a resident of Mukiltgo, Washington, and

    (i)    TRAM WELLER, a resident of Mukiltgo, Washington.

3.     Unless specified otherwise, as used in this complaint, the collective reference to ARFORD along with each of the foregoing investors shall be expressed as the "Plaintiff."

4.     The Defendant, CHRISTOPHER LINK, is a resident of 801 Wakefield Avenue, Bowling Green, Kentucky 42101.

5.     The Defendant, ANGELA STOKES LINK (a/k/a Angela Stokes), is a resident of 801 Wakefield Avenue, Bowling Green, Kentucky 42101.

6.      The Defendant, SCOTT PHELPS, is a resident of 3567 East Gap Hill Road, Club Run, Kentucky 42729.

7.      The Defendant, BRENT PHELPS, is a resident of 825 E. 15th Avenue, Bowling Green, Kentucky 42101.

8.      The Defendant, MINOTAUR CONSULTING LLC ("MINOTAUR"), is a Kentucky limited liability company (organization number 0774888) that was organized on November 5, 2010, and administratively dissolved on September 23, 2014.  The principal office of this company is 351 Pascoe Blvd., Bowling Green, Kentucky 42104.

9.      The Defendant, REGAL DEVELOPMENT GROUP LLC ("REGAL"), is a Kentucky limited liability company that was organized on September 20, 2011, and administratively dissolved on September 12, 2014.  The principal office of this company is 351 Pascoe Blvd., Bowling Green, Kentucky 42104.

10.     Unless specified otherwise, as used in this complaint, collective reference to each of the foregoing defendants shall be expressed as the "Defendants."

## JURISDICTION

11.     This Court has subject matter jurisdiction by virtue of 28 U.S.C. § 1332, as the Plaintiff and Defendants are residents of different states and the amount in controversy exceeds a sum of $75,000.00, exclusive of interests and costs.

12.     This Court also has subject matter jurisdiction by virtue of 28 U.S.C. § 1331 as the allegations asserted present a federal question.  Plaintiff alleges that the underlying acts of fraud constitute violations of the Securities Exchange Act of 1934, Securities Act of 1933, and federal regulations promulgated thereunder.

13.     Venue is proper in the United States District Court, Western District of Kentucky, Bowling Green Division, as the subject oil leases are located in Warren County, Kentucky and Edmonson County, Kentucky.  All defendants are believed to be residents of Warren County, Kentucky.

## FACTS

14.     Beginning as early as November 2010 and continuing thereafter, the Defendants CHRISTOPHER LINK, ANGELA STOKES LINK, SCOTT PHELPS, and BRENT PHELPS, did agree to form a conspiracy for the purpose of fraudulent oil developments in Kentucky.

15.     In further of the conspiracy, the Defendants incorporated MINOTAUR with the Kentucky Secretary of State on November 5, 2010.  Although not a member, Defendant, ANGELA STOKES LINK, was an administrator of MINOTAUR and complicit with other defendants.

16.     On information and belief, MINOTAUR purchased and received assignments for the working interest in the following oil leases:

(a)     "Cherry Heirs" lease (98 acres ±) and "Ennis" lease (201 acres ±) located in Warren County, Kentucky;

(b)     "Lowe" lease (310 acres ±) in Warren County, Kentucky; and

(c)     "Childress" lease in Edmonson County, Kentucky.

17.     On information and belief, the foregoing leases were conveyed to MINOTAUR by the working interest owner, Black and Gold.  On information and belief, MINOTAUR did not pay any money to Black and Gold to acquire the leases, but rather were assigned on expectation that MINOTAUR would fund the costs of exploration for oil, while reserving Black and Gold an overriding royalty interest of net 10%.  The terms of the foregoing assignments provided for a

one year primary term and contained a no delayed rental clause.  The effect of such assignment is that if MINOTAUR had not commenced a well that produced oil within one year from the date of the assignment, or if MINOTAUR had not continuously produced oil from and after the first anniversary of the assignment, then the assignment to MINOTAUR expires.

18.     After obtaining the three leases, the Defendants CHRISTOPHER LINK, ANGELA STOKES LINK, SCOTT PHELPS, and BRENT PHELPS, began soliciting potential investors to fund the cost of drilling oil wells in exchange for purported royalty interest in any successful wells.

19.     The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, and BRENT PHELPS incorporated REGAL with the Kentucky Secretary of State on September 20, 2011. The Defendant ANGELA STOKES LINK was also an administrator of REGAL and complicit with other Defendants.  REGAL and MINOTAUR established an office at 351 Pascoe Blvd., Bowling Green, Kentucky 42104, to operate the scheme.

20.     REGAL was established under the guise as being an affiliated entity to handle the marketing for MINOTAUR.  While all of the investors were advised that they were investing with REGAL, that entity had no actual interest in any of the respective oil leases.  At all relevant times, REGAL and MINOTAUR did not observe corporate formalities and were simply alter egos of its members.  On numerous occasions, the assets of REGAL and MINOTAUR were siphoned and used for personal expenses of its members.  None of the members provided any initial capital in connection with the formation of MINOTAUR or REGAL

21.     At all relevant times, the Defendants marketed REGAL as the issuer/sponsor of partnerships to individual investors for the purpose of placing investors in limited liability partnerships for the oil developments.  Each offering was limited to a small number of shares for

5

a high investment assigned to a distinct oil lease(s), with a predetermined number of wells to be drilled on the property.

22.     In the year 2013, the Defendants began soliciting Comprehensive Wealth Management, LLC, to encourage its clients to invest in oil ventures.  The initial investment that was agreed to by Comprehensive Wealth Management, LLC, on behalf of its clients was an investment solicitation for drilling four (4) oil wells on the H.M. Lowe lease in Warren County, Kentucky.  This first offering was known as the "Lowe 4 Well Preferred."

23.     In order to view this investment, the Defendants lured representatives of Comprehensive Wealth Management, LLC, to travel to Bowling Green, Kentucky, for a meeting on June 20, 2013.  During the meeting, Defendants, CHRISTOPHER LINK and SCOTT PHELPS, showed ARFORD and the other representatives of Comprehensive Wealth Management, LLC, the oil wells that had been drilled.  They touted their success and that another 10 well program would be made available exclusively for clients of Comprehensive Wealth Management, LLC.

24.     On or about June 26, 2013, and July 13, 2013, Defendant CHRISTOPHER LINK did by email transmissions to Comprehensive Wealth Management, LLC, solicit investment in an offering referred to as the "Union Light 10 Well Preferred."  These solicitations were represented as made in connection with drilling 10 permitted wells on the Cherry Heirs/Ennis leases located in Warren County, Kentucky, and the Childress lease located in Edmonson County, Kentucky. Copies of the emails are attached as **Exhibit B**, the terms of which are incorporated herein by reference.  Included in the email transmission was a PDF file of an offering Memorandum dated July 12, 2013, a true copy of which is attached as **Exhibit C**, the terms of which are incorporated herein by reference.  Also, included in the email transmission

was a MS Word file for the Acceptance Forms (including a "Partnership Contract," "Confidential Investor Information Sheet," and an acceptance form), a true copy of which is attached as **Exhibit D**, the terms of which are incorporated herein by reference.

25.     The investment prospectus presented in the Memorandum offers 15 separate "Units" for $90,000 per unit.  As described, the investment would fund the drilling for each oil well at a predetermined cost of $72,000.  For wells that were capable of production, those wells would be completed at a predetermined cost of $32,000.  For oil wells that were put into production, each of the 15 Units would receive a net 3.667% royalty interest in the oil produced.

26.     Under the offering Memorandum, the operator of the wells was stated to be REGAL, who would receive a royalty in the net amount of 21.5%.  REGAL would receive an additional 1% royalty for marketing expenses.  In the event the drilling and completion costs for the 10 wells was kept below the predetermined costs ($72,000 drilling/$36,000 completion), the cost-savings would be deemed as profit to REGAL.  Conversely, REGAL was responsible for the costs to drill and complete the 10 wells if the investment was insufficient.

27.     No parts of the investment funds were allocated for other business expenses of REGAL or MINOTAUR, or to the individual Defendants, CHRISTOPHER LINK, ANGELA STOKES LINK, SCOTT PHELPS, and BRENT PHELPS, as salary, commission, profit, or similar compensation.

28.     Despite the descriptions and representations in the offering Memorandum, each of the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually and on behalf of REGAL and MINOTAUR, did not actually intend that the investment funds would be utilized in furtherance of the drilling ventures, production, or

related expenses.  Rather, the Defendants had a clandestine plan to divert the investors' funds for:

(a)     the personal use and benefit of Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK;

(b)     payments to other unknown associates of the defendants and fraudulent investment schemes; and

(c)     for trips and other expenses used to recruit and lure the next round of investors into their fraudulent investment schemes.

29.     In reliance upon on the Defendants' representations for Union Light 10 Well Preferred offering, Arford, as agent for each individual, did make a total investment of $348,000, which is itemized as follows:

| Investors | Price/ Unit | Units | Planned Investment | Installments Paid on Investment |
|---|---|---|---|---|
| Evelyn Sherwood | $90,000 | 1.0 | $90,000 | $72,000 – 7/24/13 $5,400 – 4/22/14 |
| Rocky Weller and Tram Weller | $90,000 | 0.5 | $45,000 | $36,000 – 8/14/13 $2,700 – 4/23/14 |
| William Shelton and Cynthia Jinneman | $90,000 | 0.5 | $45,000 | $36,000 – 8/16/13 $2,700 – 4/22/14 |
| Daniel Voetmann and Margret Voetmann | $90,000 | 1.0 | $90,000 | $72,000 – 8/28/13 $5,400 – 4/22/14 |
| Andrew McConough and Dannetta McDonough | $90,000 | 0.5 | $45,000 | $36,000 – 9/3/13 $2,700 – 4/22/14 |
| Andrew McConough and Dannetta McDonough | $90,000 | 1.0 | $90,000 | $72,000 – 4/2/14 $5,400 – 4/22/14 |

30. Attached and incorporated herein by reference are the following "Acceptance Forms" executed by REGAL and each of the following investors:

(a) Evelyn Sherwood **Exhibit E**;

(b) Rocky Weller and Tram Weller **Exhibit F**;

(c) William Shelton and Cynthia Jinneman **Exhibit G**;

(d) Daniel Voetmann and Margret Voetmann **Exhibit H**; and

(e) Andrew McConough and Dannetta McDonough **Exhibit I**.

31. The foregoing investments made by each of the individuals, whom Arford serves as Limited Power of Attorney, was received by the Defendants via United States mail and/or wire transfers.

32. On July 29, 2013, MINOTAUR, but not REGAL, adopted the assumed corporate name of UNION LIGHT 10 WELL PREFERRED.

33. In July, 2013, MINOTAUR, but not REGAL, did open a "Union Light 10 Well Preferred" checking account at PNC Bank, identified as the account ending 0201.

34. REGAL never was the operator of any oil wells as specified in the Memorandum and respective "Partnership Contracts." REGAL never drilled any oil wells as specified in the Memorandum and respective "Partnership Contracts."

35. In December 2013, MINOTAUR is believed to have drilled one (1) oil well on the leases associated with the Union Light 10 Well Preferred development. Despite the total investment by the Plaintiff of $348,000, actual costs paid by Defendants in connection with drilling such well were less than $70,000.

36. In the months from July 2013 – April 2014, the Defendants falsely and fraudulently moved the investment funds to various bank accounts that were not connected to the

9

investment and diverted those funds for the personal benefit and use of CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK.

37.     The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and/or ANGELA STOKES LINK, did close out the following checking accounts held with PNC Bank with a zero balance in April 2014:  Minotaur Consulting, LLC (account ending 2793); Minotaur Consulting, LLC, Operating Account (account ending 2316); and Regal Development Group, LLC, Lowe 4 Well JV (account ending 2308).  As of the end of April 2014, the Minotaur Consulting, LLC, TA, Union Lite 10 Well Preferred (account ending 0201) had a remaining balance of $61.48; after reoccurring bank fees accumulated for several months that account was ultimately closed with a zero balance in September 2014.

38.     In the months from July 2013 – April 2014, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, did manipulate and conceal the foregoing investment funds, among the bank accounts held in the name of MINOTAUR and REGAL in order to further the conspiracy and to conceal and disguise the nature, location, source, ownership and control of the money obtained through their fraudulent activities.

39.     Any ownership rights in the oil leases associated with the Union Light 10 Well Preferred have expired by non-production on the part of the operator.  With respect to the oil well that was drilled (permit no. 110614 – Russell Dearman #1), the permit was forfeited for the operator's noncompliance with regulations and transferred to another operator on September 19, 2014, by the Kentucky Division of Oil and Gas.  Any and all rights each of the individuals, whom Arford serves as Limited Power of Attorney, or Defendants have in the Cherry

Heirs/Ennis leases located in Warren County, Kentucky, and the Childress lease located in Edmonson County, Kentucky, have now expired and terminated.

## COUNT I

### *Fraud*

40.     All prior allegations and averments are restated and incorporated herein by reference.

41.     As part of the scheme, each of the Defendants participated in preparation and distribution via United States mail and/or intrastate wire transmissions documents which include the offering Memorandum (purporting to disclose risks and hazards to potential investors), Confidential Investor Information questionnaires (purporting to gauge investors' suitability for investment in oil leases, and a Partnership Contract (purporting to give the investor and ownership interest in an oil lease and other valuable rights in operation of the wells and oversight of the investment).

42.     The offering Memorandum dated July 12, 2013, and transmitted by Defendant, CRISTOPHER LINK, on behalf of REGAL, was materially misleading by falsely representing, among other things, that:

    (a)     Misrepresented that the investment would be used for drilling and completion of 10 wells on the Cherry Heirs/Ennis leases and the Childress lease;

    (b)     Misrepresented the true ownership interest for the Cherry Heirs/Ennis leases and the Childress lease;

    (b)     Misrepresented that REGAL would be the entity for serving as the operator and developer of the Union Light 10 Well Preferred development;

11

(c)     Misrepresented that the "sites selected will offset existing production, affording a low-risk opportunity for success;"

(d)     Misrepresented that "the Commissioner of the Department of Financial Institutions for the Commonwealth of Kentucky had ruled that this Agreement is exempt as a security";

(e)     Misrepresented that REGAL agreed to waive $150 per well per month fee and accounting charges;

(f)     Misrepresented that REGAL will issue monthly distributions and summaries for the investments;

(g)     Misrepresented that REGAL will cause a third party auditing firm to preform annual audit and review of each investment;

(h)     Misrepresented that the operator carries $5,000,000 in general liability insurance and that would ensure all sub-contractors carry at least $1,000,000 in general liability insurance;

(i)     Misrepresented that the sole business activity being conducting was drilling and completion of new wells on the leased properties;

(j)     Misrepresented that "a substantial portion" of the investment would be allocated to drilling and completion of new wells on the leased properties;

(k)     Misrepresented that the status of pending or threatened litigation as Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and REGAL, are also defendants in the case of *Allied Energy, Inc., v. Link, et. al.*, Warrant Circuit Court, Case No. 12-CI-01561;

(l)    Misrepresented that the revenue projections attached with the Memorandum were "management's best estimate of probable results" or based on assumptions that "management believes are reasonable;" and

(m)    Any and all other misrepresentations and falsities as may be shown.

43.    Each of the Defendants, in entering into a "limited partnership" with each of the individuals, whom Arford serves as Limited Power of Attorney, also had a confidential and/or fiduciary duty to disclose the complete facts, nature and values Union Light 10 Well Preferred development, including:

(a)    That the vast majority of investment funds would not be used to drill oil wells;

(b)    That REGAL was not actually the developer or operator of the leases;

(c)    That REGAL was a company with no meaningful assets;

(d)    That some of the Defendants had filed bankruptcy;

(e)    Each of the foregoing actual misrepresentations; and

(f)    Any and all other omissions may be shown.

44.    At the time of each specific misrepresentation and fraudulent omissions identified above, each of the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually and on behalf of MINOTAUR and REGAL, caused each of the representations to be made to the Plaintiff with: (1) actual belief that each representation was false, (2) lacking their individual confidence in the truthfulness of each representation; or with reckless indifference as to whether each representations was truthful.

45. As a result of the each of these Defendants' misrepresentations and nondisclosure, the Plaintiff provided capital investments for the Light 10 Well Preferred development.

46.    The Plaintiff reasonably relied upon the Defendants' representations, and that they would disclose all material facts in connection with soliciting their investment for the Light 10 Well Preferred development.

47.    Each of the individuals, whom Arford serves as Limited Power of Attorney, has incurred damages in the form of the complete loss of its capital investments, along with all other direct, consequential and incidental damages as may be shown.

48.    All of these Defendants are jointly and severally, liable to reimburse and pay to the Plaintiff the total investment of $348,000, along with all interest from the date of the investment until repaid, and all attorney's fees and costs as allowed by law.

### COUNT II

### *Violations of Federal Security Law*

49.    All prior allegations and averments are restated and incorporated herein by reference.

### *Applicable to all parts of Count II*

50.    The Plaintiff, as Limited Power of Attorney, brings this action for securities violations pursuant to The Securities Exchange Act of 1934 ("1934 Act" or "Securities Exchange Act"), the Securities Act of 1933 ("1933 Act" or "Securities Act") and all rules and federal regulations promulgated thereunder.

51.    Each of the units in Union Light 10 Well Preferred development sold to each of the individuals, whom Arford serves as Limited Power of Attorney, was a "fractional undivided interest in oil, gas, or other mineral rights…." A working interest in oil and gas mineral rights such as those sold by these Defendants, are expressly included in the definition of a "security" as defined in Section 2(1) of the 1933 Act.

14

52.     Each of the Units in the Union Light 10 Well Preferred development sold to each of the individuals, whom Arford serves as Limited Power of Attorney, was further an investment in a common scheme or enterprise with other investors in the oil leases and wells. Each of the sales to each of the individuals, whom Arford serves as Limited Power of Attorney, was premised on a reasonable expectation of profit. The investment was to be an "absentee owner" derived from the entrepreneurial or managerial efforts of others, mainly the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK. These actions constitute an "investment contract" which is expressly defined as a security in Section 2(1) of the 1933 Act.

53.     The sale of each the Union Light 10 Well Preferred units were procured by and through the general solicitation and/or general advertising of the securities offered for sale to the Plaintiff.

54.     At all relevant times, the investors were non-accredited, otherwise unsophisticated in matters relating to investments in working interests in oil wells. At the time each of the individual's, whom Arford serves as Limited Power of Attorney, investment in the oil wells was solicited, the Defendants knew each of the individuals lacked sufficient investment experience and oil business acumen to enable each individual to make informed decisions about the purchase of securities.

55.     These Defendants failed to evaluate the sophistication of each of the individuals, whom Arford serves as Limited Power of Attorney, as non-accredited investors. Specifically, prior to being offered a security, the Defendants never requested any information concerning each of the individual's, whom Arford serves as Limited Power of Attorney, investment

15

experience, risk tolerance, or any other information that these Defendants could use to evaluate each of the individual's sophistication.

56.   At no time prior to the sale of securities did these Defendants provide any audited balance sheets to any of the individuals, whom Arford serves as Limited Power of Attorney, as a non-accredited investor.   On information and belief, the Defendants never had prepared audited financial statements for REGAL, MINATOUR or any of the associated persons and legal entities operating the oil wells.

57.   Each of the sales is void at the election of each of the individuals, whom Arford serves as Limited Power of Attorney.   Arford, as agent for each individual investor, provided such written notice on November 26, 2014.

58.   By the terms of this complaint, the Plaintiff, as Limited Power of Attorney, tenders and quitclaims those units in Union Light 10 Well Preferred development back to the Defendants.   Each of the individuals, whom Arford serves as Limited Power of Attorney, has elected to void each of the separate sales and seek and Order and Judgment of rescission thereof.

59.   All of the Defendants are jointly and severally, with and to the same extent as the Defendant sellers, liable to reimburse and pay to the Plaintiff, as Limited Power of Attorney, the total investment of $348,000, along with all interest from the date of the investment until repaid.

60.   Alternatively, in the event rescission is not had, or inadequate to make each of the individuals, whom Arford serves as Limited Power of Attorney, whole, the Defendants are jointly and severally, with and to the same extent as Defendant sellers, liable to reimburse and pay to each of the individuals, whom Arford serves as Limited Power of Attorney, their "out of pocket" damages for their investment in the Union Light 10 Well Preferred development, plus interest from the date of each investment.

61.    Each of the individuals, whom Arford serves as Limited Power of Attorney, is entitled to receive, from these defendants, their costs herein and attorney's fees.

*Section 10(b).*

62.    Plaintiff, as Limited Power of Attorney, brings this action pursuant to Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b); and Rule 10-b-5 promulgated thereunder, for fraud in the connection with the offer or sale of securities.

63.    The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, were persons or entities directly involved in connection with the securities offering units in the Union Light 10 Well Preferred development to the Plaintiff.  Each of whom acted with intent or wanton and reckless disregard for the actives of REGAL, MINOTAUR or any of the associated persons and legal entities operating the oil wells.

64.    The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, knew or wantonly and recklessly ignored that statements made in the written Memorandum, written descriptions, and other investor materials, misrepresented facts and/or omitted facts that were material to each of the individual's, whom Arford serves as Limited Power of Attorney, decisions to invest in the units offered in connection with the Union Light 10 Well Preferred development.

65.    The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, participated in or had supervisory responsibilities with respect to the written Memorandum, written descriptions, and other investor materials, which contained material omissions and

17

misrepresentations as previously set forth herein, or recklessly disregarded their fiduciary obligations of the associated persons and legal entities.

66.    As heretofore described, the written Memorandum, written descriptions, and other investor materials, were materially misleading in that the contained material misrepresentations and failed to disclosed material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

67.    As heretofore described, each of the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, individually and acting in concert, in connection with the offer and sale of securities violated § 10(b) of the Securities Exchange Act and Rule 10-b-5 in that they, by engaging in the conduct set forth in this complaint, directly or indirectly, by use of means or instrumentalities of interstate commerce or by mail, with *scienter*:

(a)    employed devices, schemes and artifices to defraud;

(b)    made untrue statements of material facts and omitted to state material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; and/or

(c)    engaged in acts practices and courses of business which operate as a fraud and deceit upon purchasers, prospective purchase and other persons.

68.    As heretofore described, each of the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, knowing acting in concert in the civil conspiracy in connection with the offer, directly and proximately caused each of the individuals, whom Arford serves as

Limited Power of Attorney, to suffer damages as in reliance on the statements made by the Defendants.

*Section 29(b)*

69.    The Plaintiff, as Limited Power of Attorney,  brings this action pursuant to Section 29(b) of the Securities Exchange Act predicated on a violation for Section 15 of the Securities Exchange Act, 15 U.S.C. §§ 78cc, 78o for transactions in securities for the accounts of others, and were not registered as "broker-dealers."

70.    The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL, were the issues, sellers, offerors and/or solicitators of sales of securities.  Specifically, these collective Defendants sold Units as part of the Union Light 10 Well Preferred development for third parties as they had no legal claim or interest in those leases.  As heretofore described, these Defendants in connection with the offer, sale of Units in the Union Light 10 Well Preferred development were paid unknown commissions.

71.    None of the foregoing Defendants are registered broker-dealers authorized to sell securities.

72.    Each of the individuals, whom Arford serves as Limited Power of Attorney, did enter into investment contracts for Units in the Union Light 10 Well Preferred development and other contractual agreements related thereto in consummation of the transactions.

73.    The separate investment contracts for Units in the Union Light 10 Well Preferred development and other contracts were the result of legally prohibited transactions.

74.    Each of the individuals, whom Arford serves as Limited Power of Attorney, is among the class of persons entities that the Exchange Act intends to protect.

75.    Each of the individuals, whom Arford serves as Limited Power of Attorney, is entitled to the full and complete rescission of the separate investment contracts for Units in the Union Light 10 Well Preferred development as allowed by Section 29(b) of the Securities Exchange Act.

*Section 20(a)*

76.    The Plaintiff, as Limited Power of Attorney,  brings this action pursuant to Section 20(a) of the Securities Exchange Act, 15 U.S.C. §§ 78t which imposes vicarious liability on controlling persons.

77.    During the period of time relevant to the transaction in this complaint, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, were controlling persons within the meaning of the Exchange Act by virtue of their positions as officers, directors, controlling stockholders, members and/or operators of REGAL and MINOTAUR.

78.    During the period of time relevant to the transaction in this complaint, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, directly or indirectly controlled REGAL and MINOTAUR in furnishing all of the material information concerning the prospective oil leases marketed by those companies.

79.    Each of the foregoing Defendants possessed, directly or indirectly the power to direct or cause the direction of the management and policies of each of the entities transacting in securities, whether through the ownership of voting securities, by contract or otherwise, and particular in the further of the civil conspiracy and scheme of the Defendants to defraud each of

the individuals, whom Arford serves as Limited Power of Attorney, for which each of the Defendants participated.

80.    As a direct and proximate result of the wrongful conduct of these Defendants, each of the individuals, whom Arford serves as Limited Power of Attorney, suffered damages in connection with their purchase of securities as each individual would not have purchased the securities.

*Section 15*

81.    The Plaintiff, as Limited Power of Attorney,  brings this action pursuant to Section 15 of the Securities Exchange Act, 15 U.S.C. §§ 77o which imposes vicarious liability on controlling persons.

82.    During the period of time relevant to the transaction in this complaint, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, were controlling persons within the meaning of the Exchange Act by virtue of their positions as officers, directors, controlling stockholders, members and/or operators of REGAL and MINOTAUR.

83.    During the period of time relevant to the transaction in this complaint, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, directly or indirectly controlled REGAL and MINOTAUR in furnishing all of the material information concerning the prospective oil leases marketed by those companies.

84.    Each of the foregoing Defendants possessed, directly or indirectly the power to direct or cause the direction of the management and policies of each of the entities transacting in securities, whether through the ownership of voting securities, by contract or otherwise, and particular in the further of the civil conspiracy and scheme of these defendants to defraud each of

the individuals, whom Arford serves as Limited Power of Attorney, for which each Defendant participated.

85.    As a direct and proximate result of the wrongful conduct of these Defendants, each of the individuals, whom Arford serves as Limited Power of Attorney, suffered damages in connection with their purchase of securities as each individual would not have purchased the securities.

*Section 12(a)2*

86.    The Plaintiff, as Limited Power of Attorney,  brings this action pursuant to Section 12(a)(2) of the Securities Act, 15 U.S.C. § 77l(a)(2) for the unlawful sale of securities that were not registered, exempt from registration, or covered securities.

87.    In connection with the offer and sale of securities, by the use of means or instruments of transportation in communication in interstate commerce, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, distributed the written Memorandum, written descriptions, and other investor materials, that included untrue statements of material fact and omitted to state material facts necessary to make the statements, in light of the circumstances under which they were made, not misleading, each of which is more particularly described heretofore.

88.    These Defendants were required to register the securities with the Securities and Exchange Commission because no exemption for registration existed, but did not do so.

89.    Without knowledge of these Defendants' material omissions and misrepresentations, each of the individuals, whom Arford serves as Limited Power of Attorney, purchased the securities from the Defendants.

90. These Defendants are jointly and severally liable for each of the individual's, whom Arford serves as Limited Power of Attorney, damages caused by the violations of section 12(a)(2) of the Securities Act.

## COUNT III

### *Violation of Kentucky Blue Sky Law*

91. All prior allegations and averments are restated and incorporated herein by reference.

92. The Plaintiff, as Limited Power of Attorney, brings this action pursuant to KRS 292.480, which imposes civil liability on any person(s) who violates the Securities Act of Kentucky, KRS Chapter 292 ("Act"). The Plaintiff alleges that the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, have engaged in the business of effecting transactions in securities for the accounts of others and were not registered under the Act as a "broker-dealer;" (2) these Defendants have unlawfully sold securities that were not registered, exempt from registration, or covered securities; and (3) these Defendants have committed fraud in the connection with the offer or sale of securities.

93. At all material times herein, none of these Defendants were registered with the Office of Financial Institutions of the Commonwealth of Kentucky or authorized in Kentucky to engage as a securities "broker-dealer" or investment advisor as defined by KRS 293.310(2) and (10). KRS 292.310(2) defines a "broker-dealer" as any person engaged in the business of effecting transactions in securities for the account of others or for his own account.

94.    Each of the Units in Union Light 10 Well Preferred development sold to each of the individuals, whom Arford serves as Limited Power of Attorney, was a "fractional undivided interest in oil, gas, or other mineral rights…." A working interest in oil and gas mineral rights, such as those sold by these Defendants, are expressly included in the definition of "security" as defined in KRS 293.310(19).

95.    Each of the Units in the Union Light 10 Well Preferred development sold to each of the individuals, whom Arford serves as Limited Power of Attorney, was further an investment in a common scheme or enterprise with other investors in the oil leases and wells. Each individual's investment was premised on a reasonable expectation of profit. The investment was to be an "absentee owner" derived from the entrepreneurial or managerial efforts of others, mainly the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR. These actions constitute an "investment contract" which is expressly defined as a "security" in the Act at KRS 293.310(19).

96.    Each of the Union Light 10 Well Preferred investments was procured by and through the general solicitation and/or general advertising of the securities offered for sale to each of the individuals, whom Arford serves as Limited Power of Attorney.

97.    At all relevant times, each of the individuals, whom Arford serves as Limited Power of Attorney, was a non-accredited investor.

98.    These Defendants failed to evaluate the sophistication of each of the individuals, whom Arford serves as Limited Power of Attorney, as a non-accredited investor. Specifically, prior to being offered a security, the Defendants never requested any information concerning the

24

each individual's investment experience, risk tolerance, or any other information that these Defendants could use to evaluate each individual's sophistication.

99.    At no time prior to the sale of securities did these Defendants provide any audited balance sheets to any of the individuals, whom Arford serves as Limited Power of Attorney, as non-accredited investors.  On information and belief, these Defendants never had prepared audited financial statements for REGAL and MINOTAUR or any of the associated persons and legal entities operating the oil wells.

100.    Pursuant to the application of KRS 292.320(5), each of the individuals, whom Arford serves as Limited Power of Attorney, entered into agreements for acquisition of a "Unit" of the Union Light 10 Well Preferred development as a separate transaction.

101.    At all material herein times, none of the Unites in the Union Light 10 Well Preferred developments sold to each of the individuals, whom Arford serves as Limited Power of Attorney, were registered with the Office of Financial Institutions of the Commonwealth of Kentucky in compliance with KRS 292.330.  None of the Units for oil leases and oil wells sold to each individual were exempt from registration or a covered security as defined by Kentucky or federal law.

102.    As heretofore described, each of Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, materially aided in the sale to each of the individuals, whom Arford serves as Limited Power of Attorney, and this was accomplished by the employment of a devise scheme or artifice to defraud each individual, as prohibited by the application of the provisions of KRS 292.320(1)(a).

103.    As heretofore described, each of Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, materially aided and/or made untrue statements of a material fact and/or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading, as prohibited by the provisions and application of KRS 292.320(1)(b).

104.    As heretofore described, each of Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, materially aided or engaged in acts, practices and/or a course of business which operated as a fraud or deceit upon each of the individuals, whom Arford serves as Limited Power of Attorney, as prohibited by the provisions and application of KRS 292.320(1)(c).

105.    As heretofore described, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, received consideration, the amount of which is presently unknown to each of the individuals, whom Arford serves as Limited Power of Attorney, but known to the Defendants, primarily for advising each individual as to their purchase of their Units in Union Light 10 Well Preferred development by the issuance of analyses or reports or otherwise did employ a device scheme or artifice to defraud each individual as prohibited by the provisions and application of KRS 292.320(2)(a).

106.    As heretofore described, the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, received consideration, the amount of which is presently unknown to

26

each of the individuals, whom Arford serves as Limited Power of Attorney, but known to the Defendants, primarily for advising each individual as to their purchase of their Units in Union Light 10 Well Preferred development by the issuance of analyses or reports provided each individual or otherwise did engage in acts, practices and/or a course of business, which operated as a fraud or deceit upon each individual as prohibited by the provisions and application of KRS 292.320(2)(b).

107.    Each of the Units in Union Light 10 Well Preferred development is void at the election of the Plaintiff.  Each individual, through their agent, Arford, provided such written notice on November 26, 2014.

108.    By the terms of this complaint, the Plaintiff, as Limited Power of Attorney, in compliance with the provisions of tender and quitclaim those Units in Union Light 10 Well Preferred development back to the Defendants.  Each of the individuals, whom Arford serves as Limited Power of Attorney, has elected to void each of the separate sales and seek an Order and Judgment of rescission thereof.

109.    All of these Defendants are jointly and severally, liable to reimburse and pay to each of the individuals, whom Arford serves as Limited Power of Attorney, the total aggregate investment of $348,000, along with all interest from the date of the investment until repaid.

110.    Alternatively, in the event rescission is not had, or inadequate to make the Plaintiff whole, these Defendants are jointly and severally, with and to the same extent as Defendant sellers, liable to reimburse and pay to the Plaintiff's "out of pocket" damages for its investments in the Union Light 10 Well Preferred development, plus interest from the date of each investment.

111.    The Plaintiff, as Limited Power of Attorney, pursuant to the application of KRS 292.480, is entitled to receive from these Defendants, its costs herein and attorney's fees.

## COUNT IV

### *Breach of Fiduciary Duty*

112.    All prior allegations and averments are restated and incorporated herein by reference.

113.    The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, in selling Units in Union Light 10 Well Preferred development to each of the individuals, who Arford serves as Limited Power of Attorney, they acted as a fiduciary with respect to the investment.

114.    In serving as a fiduciary, the Defendants had a duty to exercise the utmost good faith in handling the investment in furtherance of the oil well development described in the offering Memorandum dated July 12, 2013.

115.    In serving as a fiduciary, the Defendants had a duty to exercise of care and loyalty in furtherance of the oil well development described in the offering Memorandum dated July 12, 2013.

116.    In serving as a fiduciary and in accordance with the "auditing" requirements of the offering Memorandum dated July 12, 2013, the Defendants had a duty to exercise the utmost good faith to keep and render a timely, clear and accurate accounting of all receipts, expenses, profits, losses and distributions.  In serving as a fiduciary, the Defendants had a duty to exercise the utmost good faith to fully disclose material facts pertaining to the operation of Union Light 10 Well Preferred development.

28

117.    In serving as a fiduciary, the Defendants had a duty to exercise the utmost good faith to take, to keep control of, and to preserve money collected on behalf of each of the individuals, whom Arford serves as Limited Power of Attorney.

118.    In the performance of its fiduciary duties, the Defendants had an obligation to act in the utmost good faith and with the degree of diligence, care and skill that ordinarily prudent persons would exercise under similar circumstances in a like position.

119.    The Defendants have breached their fiduciary duties owed to each of the individuals, whom Arford serves as Limited Power of Attorney, in connection with the Union Light 10 Well Preferred development by the fraudulent misappropriation and/or defalcation of the investment funds.

120.    Each of the individuals, whom Arford serves as Limited Power of Attorney, has been damaged by the Defendants' breach of fiduciary duty in an amount of their investment, and other amounts as may be determined at trial.

121.    As a result of the Defendants' breach, any other profit charged or generated by the Defendants should be surcharged and repaid to each of the individuals, whom Arford serves as Limited Power of Attorney.

122.    As a result of the Defendants' breach, the Court should impose a constructive trust and/or equitable lien on all assets currently in the possession or control of the Defendants that belong to each of the individuals, whom Arford serves as Limited Power of Attorney, including any and all proceeds, and proceeds of proceeds.

123.    The Defendants are jointly and severally liable to each of the individuals, whom Arford serves as Limited Power of Attorney, for all damages incurred as a result of the Defendants' breach of fiduciary duty.

## COUNT V

### *Accounting for Investment*

124.    All prior allegations and averments are restated and incorporated herein by reference.

125.    By the terms of the "auditing" requirements contained in the offering Memorandum dated July 12, 2013, the Defendants had a duty to furnish each of the individuals, whom Arford serves as Limited Power of Attorney, with monthly distributions and summaries from its investment.  The Defendants have failed to provide such information to each of the individuals, whom Arford serves as Limited Power of Attorney, for all months since October 2013.

126.    The Defendants, whether deemed the general partners of a partnership, the operating members of a limited liability company, the operator of the oil well(s), or as the general agent for each of the individual's, whom Arford serves as Limited Power of Attorney, investment, have a continual duty to account for each individual's investment.

127.    The Plaintiff, by letter dated November 26, 2014, made a demand that the Defendants account and produce all partnership records with respect to each of the individual's, whom Arford serves as Limited Power of Attorney, investment in Units of Union Light 10 Well Preferred development.

128.    The Court should Order a full and complete accounting and audit of the investment funds in order to determine the location of those funds that rightfully belong to each of the individuals, whom Arford serves as Limited Power of Attorney.

129.    In connection with the sought accounting, the Defendants, including its employees and agents, should be Ordered to fully cooperate in promptly provide access to its business records and disclosure of information.

30

130.    The Defendants are jointly and severally liable to each of the individuals, whom Arford serves as Limited Power of Attorney, for any deficiency in the accounts.

131.    The Defendants are jointly and severally liable to each of the individuals, whom Arford serves as Limited Power of Attorney, for all fees and costs incurred in connection with any continuing accounting/audit.

## COUNT VI

### *Breach of Contract*

132.    All prior allegations and averments are restated and incorporated herein by reference.

133.    Each of the individuals, whom Arford serves as Limited Power of Attorney, entered into a contract with the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, for the drilling and completion of ten (10) new wells on the Cherry Heirs and Ennis leases located in Warren County, Kentucky and Childress lease(s) in Edmonson County, Kentucky.

134.    The Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for REGAL and MINOTAUR, breached such contract by, among other things, failing to drill and complete the ten (10) new wells on the leased properties.  The Defendants breached such contract with each of the individuals, whom Arford serves as Limited Power of Attorney, by misappropriating the investment funds for purposes that were unauthorized.

135. Each of the individuals, whom Arford serves as Limited Power of Attorney, has incurred direct and consequential damages by the Defendants' breach of contract.

136. The Defendants are jointly and severally liable to each of the individuals, whom Arford serves as Limited Power of Attorney, for all damages incurred as a result of the Defendants' breach of contract.

## COUNT VII

### *Conversion*

137. All prior allegations and averments are restated and incorporated herein by reference.

138. The Plaintiff, as Limited Power of Attorney, asserts the Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agents for REGAL and MINOTAUR, at various times between July 2013 – April 2014, wrongfully converted each of the individual's, whom Arford serves as Limited Power of Attorney, investment in in Union Light 10 Well Preferred development for their personal use.

139. As a result of such wrongful conversion, each of the individuals, whom Arford serves as Limited Power of Attorney, has incurred damages in the form of the complete loss of its capital investments, along with all other direct, consequential and incidental damages as may be shown.

140. All of these Defendants are jointly and severally, liable to reimburse and pay to each of the individuals, whom Arford serves as Limited Power of Attorney, the total investment

of $348,000, along with all interest from the date of the investment until repaid, and all attorney's fees and costs as allowed by law.

## COUNT VIII

### *Civil Conspiracy*

141.    Plaintiff, as Limited Power of Attorney, repeats and realleges all of the allegations in all the paragraphs above as if fully set forth.

142.    The Plaintiff, as Limited Power of Attorney, asserts the individual Defendants, CHRISTOPHER LINK, SCOTT PHELPS, BRENT PHELPS and ANGELA STOKES LINK, individually, and as agent for and potentially other unknowns individuals, along with the corporate defendants, REGAL and MINOTAUR, and potentially other unknown legal entities, were member of a combination or of two or more persons who object of the combination was to defraud each of the individuals, whom Arford serves as Limited Power of Attorney, into making an investment in the investment in Units of Union Light 10 Well Preferred development as described herein.

143.    In furtherance of the acts described herein, and other acts yet still undiscovered and unknown at this time, these Defendants had an agreement and meeting of the minds of a single plan and objective to cause each of the individuals, whom Arford serves as Limited Power of Attorney, to invest in the fraudulent oil scheme.  At least one of the Defendants did commit fraud against each of the individuals, whom Arford serves as Limited Power of Attorney, to further the object or course of action.  These Defendants' act(s), singularly or in combination with others, constitutes a conspiracy to commit fraud by these Defendants.  As a result of said conspiracy, the Plaintiff has suffered damages in an amount in excess of $75,000.00, exclusive of interest and costs.

## COUNT IX

### *Claim for Punitive Damages*

144.    All prior allegations and averments are restated and incorporated herein by reference.

145.    Plaintiff, as Limited Power of Attorney, states that should the evidence establish that the Defendants have acted willfully with a conscious disregard for the rights of each of the individuals, whom Arford serves as Limited Power of Attorney, then each individual should be awarded punitive damages in an appropriate sum to be determined by the jury.

## JURY DEMAND

146.    The Plaintiff, as Limited Power of Attorney, demands a trial by jury for all claims available as a matter of right.

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff, as Limited Power of Attorney, respectfully requests that judgment be issued against all of these Defendants, and each of the individuals, whom Arford serves as Limited Power of Attorney, be granted relief as follows:

1.    Judgment monetary damages, compensatory and consequential, in an amount to be determined at trial;

2.    That each of the individuals, whom Arford serves as Limited Power of Attorney, receives all pre-judgment interest and post-judgment interest due;

3.    That all of the Defendants and their representatives be deemed co-conspirators for the purpose of the trial in this subject matter, and that each of the individuals, whom Arford serves as Limited Power of Attorney, receive Judgment against the co-conspirators for the purpose of the trial in this subject matter, and that each of the individuals, whom Arford serves

as Limited Power of Attorney, receive Judgment against the co-conspirators, jointly and severally, in a sum to compensate the individuals for their damages;

4.      Judgment for recession and refund of the investment in that each of the investment in Units of Union Light 10 Well Preferred development is void;

5.       An Order and Judgment requiring each of the Defendants to account for all monies received from each of the individuals, whom Arford serves as Limited Power of Attorney, and from the monies paid by each individual for the investment in Units of Union Light 10 Well Preferred development;

6.      An Order declaring that each of the Defendants hold all funds received from each of the individuals, whom Arford serves as Limited Power of Attorney, or paid to each Defendant, and/or affiliated LLC, in his/her or its possession or control, and also all profits derived from the use of each of the individual's, whom Arford serves as Limited Power of Attorney, monies in trust for the individual's benefit;

7.      Judgment in a sum equal to the aggregate paid by each of the individuals, whom Arford serves as Limited Power of Attorney, for their investment in Units of Union Light 10 Well Preferred development;

8.      Judgment in a sum for out of pocket compensatory damages;

9.      Judgment for the Plaintiff's attorney's fees and all other costs associated with bringing and prosecuting this action;

10.      Judgment for punitive damages as a consequence of the Defendants' malicious and willful conduct; and

11.      Any and all further relief and additional relief as the Court deems equitable and just.

Dated this 4th day of March, 2015.

/s/ Daniel N. Thomas
Daniel N. Thomas, Esq.
James G. Adams III, Esq.
THOMAS, ARVIN & ADAMS
1209 S. Virginia Street
P.O. Box 675
Hopkinsville, Kentucky  42241-0675
(270) 886-6363 (Telephone)
(270) 886-8544 (Facsimile)
dthomas@thomasandarvin.com

*Attorneys for Plaintiffs*